UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIANA CRAIG and BENJAMIN CRAIG,<br><br>                    Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 3:24-cv-05421-JHC<br><br>STIPULATED MOTION & ORDER TO STAY<br><br>Noted for Consideration: October 1, 2025 |

The government respectfully requests a stay of the proceedings in this case due to the lapse of appropriations to the Department of Justice (the Department). Good cause exists for staying the proceedings in this case, and the interests of justice and judicial economy will be served by granting this motion. We have conferred with Plaintiffs' counsel who has stated that Plaintiffs will stipulate to the requested relief of a stay followed by a joint status report once appropriations are restored. The Department provides the following background for the Court's consideration

## I.   BACKGROUND

At the end of the day on September 30, 2025, funding to the Department expired and its appropriations lapsed. The same is true for most Executive agency clients with whom Department

attorneys must coordinate their litigation activities. The Department does not know when funding will be restored by Congress.

Absent an appropriation, certain Department attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The term "'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office, particularly with respect to prosecution and defense of civil cases.

District courts have inherent power to stay proceedings in cases. *Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10-579RJB, 2010 WL 2787852, at *3 (W.D. Wash. July 14, 2010). The "power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When determining whether to stay proceedings, a court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254).

The above factors weigh in favor of granting a stay of proceedings in cases handled by the United States Attorney's Office, including this case. Most Assistant United States Attorneys and support staff in the Civil Division will be furloughed for the duration of the lapse in appropriations

and will be unable to perform critical case work. For example, attorneys will not be able to engage in discovery, review case materials, prepare motions, engage in settlement discussions, or prepare for trial. Opposing counsel in these cases will not be similarly impacted.

Moreover, many of the Department of Justice's federal agency partners will be furloughed and unable to provide essential assistance in cases, including responding to discovery requests, providing information necessary to investigate claims and support defenses, and appearing as witnesses. Attorneys working in the Civil Division of the United States Attorney's Office frequently work together with or need approvals from attorneys in different components of the Department. Many of these Department attorneys are also furloughed, which negatively impacts the United States' ability to move cases forward. The same is true for professional staff and attorneys working for other Department components, who will be unable to assist in obtaining authority to settle cases, process requests for EAJA payments, or make decisions on whether to seek additional review of decisions adverse to the government.

Finally, a lack of funding will impact the Department's ability to pay for services necessary for defending cases, including hiring and paying expert witnesses and paying for transcripts, court reporter services, and medical records collection. Without the ability to pay for these services, the government cannot fully participate in discovery or investigate claims, which greatly prejudices its interests. Specific to this case, Defendant will not be able to meet the dispositive-motion deadline, which is currently set for October 6, 2025. Dkt. 11.

Due to the prejudice it will experience without a stay in this case, the government requests the Court stay this case for the duration of the current lapse of appropriations. As set forth in the proposed order, the government further requests that the stay be lifted automatically and immediately as soon as the lapse of appropriations has ended. The government asks the Court to order the parties to confer within ten court days after the restoration of funding to determine

whether either party believes an extension of other case deadlines is required, taking into account current case deadlines, the status of discovery and motions, and how much remains to be accomplished prior to a resolution of the case. The government's proposed order asks the Court to order that should the parties agree an extension is needed, they must submit a proposed order extending deadlines for the Court's consideration. If the parties disagree, they should submit a joint status report in which each party sets forth their position. The government further requests that if the parties agree no extension of the case deadlines is needed, the case deadlines will remain the same and the parties will not need to take any additional action with respect to the stay.

## II.   CONCLUSION

Based on the foregoing, the government respectfully requests this case be stayed for the duration of the current lapse in appropriations.

Dated this 1st day of October, 2025

Respectfully submitted,

| | |
|---|---|
| REBECCA S. COHEN<br>Acting United States Attorney | BAILEY ONSAGER |
| *s/ James C. Strong*<br>JAMES C. STRONG, WSBA No. 59151<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of Washington<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Phone: 206-553-7970<br>Email: james.strong@usdoj.gov<br><br>*Attorneys for Defendant*<br><br>I certify this document contains 965 words in compliance with the Local Civil Rules. | *s/ Darrin E. Bailey*<br>DARRIN E. BAILEY, WSBA No. 34955<br>Bailey Onsager<br>1109 First Avenue, Suite 501<br>Seattle, Washington 98101<br>Telephone: (206) 667-8290<br>Email: dbailey@baileyonsager.com<br><br>FRIEDMAN RUBIN<br><br>*s/ Peter J. Mullenix*<br>PETER J. MULLENIX, WSBA No. 37171<br>Friedman Rubin<br>1109 First Avenue, Suite 501<br>Seattle, Washington 98101<br>Phone: (206) 504-4446<br>Email: pmullenix@friedmanrubin.com<br><br>*Attorneys for Plaintiff* |

**ORDER**

Pursuant to the parties' Stipulated Motion, it is hereby ORDERED that the above captioned proceeding is stayed for the duration of the current lapse of appropriations. It is ORDERED that this stay be lifted automatically and immediately as soon as the lapse of appropriations has ended. It is further ORDERED that the parties are to confer within ten court days after the restoration of funding to determine whether either party believes an extension of the case deadlines is required. Should the parties agree an extension is needed, they must submit a proposed order extending deadlines for the Court's consideration. If the parties disagree, they should submit a joint status report in which each party sets forth their position. If the parties agree no extension of the case deadlines is needed, the case deadlines will remain the same and the parties will not need to take any additional action with respect to the stay.

DATED this 1st day of October, 2025.

_____
JOHN H. CHUN
United States District Judge